UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| TAVIE DIVERSIFIED, INC., a California Corporation; OCTAVIA DIENER, in her capacity as TRUSTEE of the OCTAVIA DIENER LIVING TRUST, C.M.A., a California general partnership; and RED ROCK RANCH, INC., a California corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE PICTSWEET COMPANY, a Delaware corporation, and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants.<br><br>and related Counterclaim | Case No. 1:13-cv-00901-SKO<br><br>**STIPULATION FOR PROTECTIVE ORDER; ORDER THEREON** |

The matter having come before the court by stipulation of counsel for Plaintiffs/Counter-defendants Tavie Diversified, Inc., Octavia Diener in her capacity as Trustee of the Octavia Diener Living Trust, C.M.A. and Red Rock Ranch, Inc. ("Plaintiffs") and Defendant/Counter-defendant The Pictsweet Company ("Defendant") for the entry of an a protective order limiting the review, copying or dissemination of private personal information

1　　STIPULATION FOR PROTECTIVE ORDER; ORDER THEREON

or confidential documents or information to be produced by the parties in the course of discovery in this matter and to the extent set forth below, and each party and their respective counsel, having consented to the form and entry of this Order,

IT IS HEREBY ORDERED that:

## DESIGNATION OF PROTECTED MATERIAL

1. Plaintiffs sought discovery of information and documents comprising the identity of Defendant's other client-growers, grower contracts and internal plant operations.  This information and documents is proprietary to Defendant's business.  Defendant asserts that a private confidentiality agreement would not afford adequate protection because a breach of any private agreement would necessitate protracted and costly litigation after irreparable damage has been done.  A protective order would ensure protection to Defendant while facilitating Plaintiff's interest in pursuing discovery.

2. Defendant sought discovery of Plaintiffs' partnership agreements, articles of incorporation, accounting records, tax returns, and other highly sensitive and confidential information in an attempt to prove-up its "alter-ego" theory.  Plaintiffs assert that a private confidentiality agreement would not afford adequate protection because a breach of any private agreement would necessitate protracted and costly litigation after irreparable damage has been done.  A protective order would ensure protection to Plaintiffs of this highly sensitive, confidential information, while facilitating Defendant's interest in pursuing discovery.

3. The parties may designate as "Confidential" material that has not been produced before January 6, 2014 and that is confidential personal or financial information or materials that contain private or confidential information. Any such designation must be made in good faith. This Order is meant to encompass all forms of disclosure which may contain confidential material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and other tangible items.

4. Material shall be designated as "Confidential" by stamping or otherwise designating the material as "Confidential," which designation may be made to a compact disk containing only confidential information.

5. In the event that any question is asked at a deposition that calls for the disclosure of confidential material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to the provisions below.  Deposition testimony may be designated as confidential by (1) identifying and designating as confidential the testimony on the record at the deposition, or (2) following the deposition, by sending notice of the designation in writing within 20 days after receipt by the designating party of the deposition transcript.  All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to this Order, unless otherwise agreed in writing by the parties.  When confidential material is incorporated in a deposition transcript, the party designating such information as confidential shall make a good faith attempt to arrange to have the court reporter (a) issue a transcript of the deposition with those pages designated as "Confidential" bound separately and bearing the legend "Confidential," and (b) to not disclose any confidential material except in accordance with the terms of this Order.

## RESTRICTIONS ON CONFIDENTIAL MATERIAL

6. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, expert witnesses or consultants assisting counsel in this lawsuit, court reporters and other vendors providing services in this lawsuit, and the court (as well as the employees and staff of each such person).  Notwithstanding any other provision to the contrary, a person who has not signed the agreement attached as Exhibit "A" may be shown a document

marked CONFIDENTIAL if the document contains private or confidential information about that person only, and that person need not otherwise maintain such documents as confidential.

7. Any material designated as "Confidential" shall be used solely for the purposes of this lawsuit and for no other purpose.

## CONFIDENTIALITY AGREEMENT

8. Each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto as Exhibit "A") consenting to be bound by the terms of this Order.  The counsel making the disclosure shall keep the Confidentiality Agreement and make it available to the other party upon request.  The parties, counsel for the respective parties (including legal assistants and other personnel), and the court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

9. Only counsel of record in this lawsuit shall be permitted to disseminate confidential material produced by another party.  Upon dissemination of any confidential material, each non-designating counsel of record in this lawsuit shall maintain a written record as to:  (1) the identity of any person given confidential material, and (2) the identity of the confidential material so disseminated.  Such record shall be made available to the designating party upon request, unless such record is protected by the work product doctrine.

10. If additional persons become parties to this lawsuit, they shall not have access to any confidential material until they execute and file with the court their written agreement to be bound by the terms of this Order.

11. If a deponent refuses to execute a Confidentiality Agreement, disclosure of confidential material during the deposition shall not constitute a waiver of confidentiality.  Under such circumstances, the witness shall sign the original deposition transcript in the

presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

## RESPONDING TO DISCOVERY REQUESTS IN OTHER PROCEEDINGS

12. If a non-designating party is subpoenaed or otherwise demanded through legal process to produce confidential material in another proceeding, such party shall promptly notify the designating party of the pending subpoena or demand and shall not produce any confidential material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such confidential material.

## DECLASSIFICATION OF PROTECTED MATERIAL

13. A party may contest the applicability of this Order to material designated as "Confidential" by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have 20 days after such notice to attempt to resolve the issue. If the dispute is not resolved within such 20-day period, the party who designated the material as "Confidential" shall have 20 days thereafter in which to make a motion for a protective order with respect to the contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the court issues a final ruling.

## INADVERTENT DISCLOSURE

14. The inadvertent failure to designate any material as "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 15 days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material as "Confidential" in accordance with this Order.

## NO WAIVER OF RIGHTS

15. This Order shall be without prejudice to the right of any party to oppose protection of

5  STIPULATION FOR PROTECTIVE ORDER; ORDER THEREON

any information or object to its admissibility into evidence.

## REPORTING VIOLATIONS

16. When any counsel of record in this lawsuit becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the court and all counsel of record.

## TREATMENT OF CONFIDENTIAL INFORMATION AFTER LAWSUIT

17. Within 30 days after the termination of this lawsuit, all confidential material (including all copies) shall be returned to counsel for the designating party or destroyed. In addition, counsel returning or destroying such material shall execute an affidavit verifying that all confidential material produced to such counsel and any subsequently made copies are being returned in their entirety or destroyed in their entirety pursuant to the terms of this Order. Such a representation fully contemplates that counsel returning or destroying the materials has: (1) contacted all persons to whom that counsel disseminated confidential material, and (2) confirmed that such material has been returned to disseminating counsel.

18. This Order shall remain in effect and shall govern the treatment and use of confidential material even after the above-captioned action is resolved through settlement, judgment and/or exhaustion of all appeals. After the termination of this lawsuit, the provisions of this Order shall continue to be binding and this court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

## BINDING STIPULATION

19. The parties agree to comply with the terms of this Stipulated Protective Order once it is signed, regardless of whether it has been entered as an order by the court or rejected by the court.

| | | |

1  
2   Date:  February 14, 2014              WALTER & WILHELM LAW GROUP

3  
4                              By:   /s/ Tracy E. Blair  
                                    ─────────────────────────  
                                    Michael L. Wilhelm  
5                                   Tracy E. Blair  
                                    Attorneys for Plaintiffs/Counter-defendants[1]

6  

7   Date:  February 14, 2014              K<small>LEIN</small>, D<small>E</small>N<small>ATALE</small>, G<small>OLDNER</small>,  
                                          C<small>OOPER</small>, R<small>OSENLIEB</small> & K<small>IMBALL</small>, LLP
8  

9  
10                             By:   /s/ Connie M. Parker  
                                     ─────────────────────────  
                                     DAVID J. COOPER  
11                                   CONNIE M. PARKER  
                                     Attorneys for Defendant/Counterclaimant

---

[1] Electronic signatures to this stipulation are set forth pursuant to the signatures filed by the parties in Document 27.

7  STIPULATION FOR PROTECTIVE ORDER; ORDER THEREON

**EXHIBIT A TO SIPULATED PROTECTIVE ORDER**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Court Eastern District of California on _____ [date] in the case of *Tavie Diversified, Inc., et. al., v. The Pictsweet Company*, Case No. 1:13-cv-00901-SKO.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

Executed in _____, _____.

Printed name: _____.


Signature: _____.

**ORDER**

     Pursuant to the parties' stipulation filed on February 18, 2014 (Doc. 27), the protective order as set forth above is hereby entered.


IT IS SO ORDERED.

   Dated:   **February 20, 2014**                    **/s/ Sheila K. Oberto**
                                                                           UNITED STATES MAGISTRATE JUDGE